# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. CR-14-123-C |
| | ) | |
| PATRICIA CARTER, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT STATEMENT OF DISCOVERY CONFERENCE

This joint statement is submitted pursuant to LCrR16.1(b).

**1.  Date Conference Held:**

April 25, 2014, within fourteen (14) days of the appearance before Magistrate Judge Gary M. Purcell, where a plea of not guilty was entered.

**2.  Names of the attorneys who attended the conference:**

U.S. Attorney/AUSAs:  Amanda Maxfield Green
Defense Attorney: Joseph L. Wells

**Counsel met for purposes of exchanging discovery materials in accordance with the Federal Rules of Criminal Procedure as supplemented by the Local Criminal Court Rules and any orders of this Court and, as a result of the conference, the undersigned counsel report the following:**

**3.  The specific time, date and place at which the offense(s) charged is/are alleged to have been committed:**

- Count 1: (Conspiracy) - W.D. Okla.; in or around July 2010 through July 2013;

- Count 2: (Obstruction of federal audit) – W.D. Okla.; on or about June 6, 2011;
- Count 3: (Obstruction of federal audit) – W.D. Okla.; on or about February 2, 2012;
- Count 4: (Obstruction of federal audit) – W.D. Okla.; on or about February 10, 2012;
- Count 5: (Obstruction of federal audit) – W.D. Okla.; on or about February 20, 2012;
- Count 6: (False statement in health care matter) – W.D. Okla.; on or about June 6, 2011;
- Count 7: (False statement in health care matter) – W.D. Okla.; on or about August 24, 2011;
- Count 8: (False statement in health care matter) – W.D. Okla.; on or about November 3, 2011;
- Count 9: (False statement in health care matter) – W.D. Okla.; on or about November 3, 2011;
- Count 10: (False statement in health care matter) – W.D. Okla.; on or about November 3, 2011;
- Count 11: (False statement in health care matter) – W.D. Okla.; on or about November 3, 2011;
- Count 12: (False statement in health care matter) – W.D. Okla.; on or about November 3, 2011;
- Count 13: (False statement in health care matter) – W.D. Okla.; on or about November 3, 2011;
- Count 14: (False statement in health care matter) – W.D. Okla.; on or about November 3, 2011;
- Count 15: (False statement in health care matter) – W.D. Okla.; on or about November 3, 2011;
- Count 16: (False statement in health care matter) – W.D. Okla.; on or about November 3, 2011;
- Count 17: (False statement in health care matter) – W.D. Okla.; on or about November 3, 2011;
- Count 18: (False statement in health care matter) – W.D. Okla.; on or about November 3, 2011;
- Count 19: (False statement in health care matter) – W.D. Okla.; on or about November 3, 2011;

- Count 20: (False statement in health care matter) – W.D. Okla.; on or about November 3, 2011;
- Count 21: (False statement in health care matter) – W.D. Okla.; on or about November 3, 2011;
- Count 22: (False statement in health care matter) – W.D. Okla.; on or about November 3, 2011;
- Count 23: (False statement in health care matter) – W.D. Okla.; on or about November 3, 2011;
- Count 24: (False statement in health care matter) – W.D. Okla.; on or about February 2 2012;
- Count 25: (False statement in health care matter) – W.D. Okla.; on or about February 2, 2012;
- Count 26: (False statement in health care matter) – W.D. Okla.; on or about February 2, 2012;
- Count 27: (False statement in health care matter) – W.D. Okla.; on or about February 2, 2012;
- Count 28: (False statement in health care matter) – W.D. Okla.; on or about February 2, 2012;
- Count 29: (False statement in health care matter) – W.D. Okla.; on or about February 2, 2012;
- Count 30: (False statement in health care matter) – W.D. Okla.; on or about February 2, 2012;
- Count 31: (False statement in health care matter) – W.D. Okla.; on or about February 10, 2012;
- Count 32: (False statement in health care matter) – W.D. Okla.; on or about February 10, 2012;
- Count 33: (False statement in health care matter) – W.D. Okla.; on or about February 10, 2012;
- Count 34: (False statement in health care matter) – W.D. Okla.; on or about February 10, 2012;
- Count 35: (False statement in health care matter) – W.D. Okla.; on or about February 10, 2012;
- Count 36: (False statement in health care matter) – W.D. Okla.; on or about February 20, 2012;
- Count 37: (False statement in health care matter) – W.D. Okla.; on or about February 20, 2012;

- Count 38: (False statement in health care matter) – W.D. Okla.; on or about February 20, 2012;
- Count 39: (False statement in health care matter) – W.D. Okla.; on or about February 20, 2012.

4. **(a)(1)  Any contested issues of discovery and inspection raised by counsel for plaintiff:**

Pursuant to Rule 16(b)(1)(A), since the defendant has requested disclosure of the government's evidence under Rule 16(a)(1)(E), the government requests that the defendant make disclosure of all items identified under Rule 16.

**(2)  Any contested issues of discovery and inspection raised by counsel for defendant:**

Unknown at this time.

**(b)  Any additional discovery or inspection desired by either party:**

Unknown at this time.

5. **The fact of disclosure of all materials favorable to the defendant or the absence thereof within the meaning of Brady v. Maryland and related cases:**

Any and all Brady evidence will be provided to the defendant in a timely manner before trial.  Counsel for plaintiff expressly acknowledges continuing responsibility to disclose any material favorable to defendant within the meaning of Brady that becomes known to the government during the course of these proceedings.

6. **The fact of disclosure of the existence or nonexistence of any evidence obtained through electronic surveillance or wiretap:**

The government is not aware of any electronic surveillance or wiretaps relating to this investigation.

**7.     The fact of disclosure of the contemplated use of the testimony of an informer. (Include only the fact an informer exists and not the name or testimony thereof):**

The government contemplates the use of the testimony of a confidential source.

**8.     The fact of disclosure of the general nature of any evidence of other crimes, wrongs, or acts the government intends to introduce at trial pursuant to Fed. R. Evid. 404(b):**

Any 404(b) evidence will be disclosed to the defendant and a notice identifying the 404(b) evidence will be filed with the Court two weeks before trial.

**9.     The fact of disclosure of the prior felony convictions of any witness the government intends to call in its case-in-chief:**

Any and all prior felony convictions will be provided on each of the government witnesses.

**10.    The resolution, if any, of foundational objections to documentary evidence to be used by both parties (except for the purpose of impeachment):**

Unknown at this time.

**11.    The resolution, if any, of chain-of-custody matters (where at issue):**

Unknown at this time.

**12.    The resolution, if any, of the admissibility of any reports containing scientific analysis without requiring the expert's attendance at trial:**

Unknown at this time.

**13.    The parties will provide each other with the opportunity to inspect any demonstrative evidence, representational exhibits or charts.**

Counsel for both parties state that presently there are no additional matters of discovery presently known.

Counsel expressly acknowledge the obligation to produce these items(s) as soon as practicable, but in no event later than fourteen (14) days prior to the trial of this cause. Counsel also expressly acknowledges continuing obligation to disclose any materials that become known to counsel during the course of the pretrial investigation of this cause.

**14.    Notice of Alibi:**

Defendant intends to present an alibi defense.

**15.    Notice of Insanity Defense or Expert Testimony of Defendant's Mental Condition:**

None at this time.

**16.    Notice of Defense Based on Public Authority:**

None at this time.

**17.    Other Issues:**

None at this time.

**At the conclusion of this conference, counsel conferred concerning the contents of this joint statement.**

                                  Respectfully submitted,

                                  SANFORD C. COATS
                                  United States Attorney

          s/AMANDA MAXFIELD GREEN
Assistant U.S. Attorney
Oklahoma Bar Number:  19876
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma  73102
(405) 553-8770 (Office)
(405) 553-8888 (Fax)
amanda.green@usdoj.gov


S/JOSEPH L. WELLS
Counsel for Defendant
Oklahoma Bar Number: 9470
3955 N.W. 23rd Street
Oklahoma City, OK  73107
(405) 942-8800/ (405) 947-1937 FAX
joewells@swbell.net

(Signed copy of document bearing signature of defense counsel is being maintained in the office of plaintiff's attorney)