IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR-14-123-C |
| | ) | |
| PATRICIA LEANN CARTER, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Defendant Carter has filed a Motion to Suppress all items seized during the June 7, 2012, search of 1206 Manvel Avenue, Suite A, Chandler, Oklahoma. In support of her Motion, Defendant Carter argues the evidence seized pursuant to the search warrant should be suppressed because the warrant lacked particularity and was unconstitutionally overbroad. In support of this argument, Defendant Carter asserts the Application for a Search Warrant contained a number of errors and, second, the warrant failed to restrict the government agents in any meaningful way, thus converting the warrant into the type of general warrant prohibited by the Fourth Amendment. According to Defendant Carter, the warrant permitted seizure of virtually all documents, papers, books, or writings of any kind, and any type of electronic equipment. Therefore, Defendant argues, the warrant was unconstitutionally vague and should be suppressed.

In response, the Plaintiff first notes that Defendant has failed to demonstrate she has standing to challenge the search. According to Plaintiff, while Defendant Carter was an

employee, she has offered no basis to demonstrate an expectation of privacy in either the area searched or the items seized.

In examining an employee's standing to challenged a search, the Court is directed to "consider all of the relevant circumstances, including (1) the employee's relationship to the item seized; (2) whether the item was in the immediate control of the employee when it was seized; and (3) whether the employee took actions to maintain [her] privacy in the item." United States v. Anderson, 154 F.3d 1225, 1232 (10th Cir. 1998). As Plaintiff notes, Defendant Carter offers no factual analysis or argument regarding these factors. Consequently, she has failed to demonstrate she has standing to challenge the search.

Even were the Court to find Defendant Carter had standing, the remainder of her arguments lack merit. To the extent Defendant Carter challenges the warrant based on the purported errors, the Court finds that even if the errors existed as argued by Defendant Carter, they would not affect the validity of the warrant. As the Tenth Circuit has held, when examining the effect of false or erroneous information in an affidavit, the Court is to apply the test set forth by the Supreme Court in Franks v. Delaware, 438 U.S. 154 (1978). Under Franks, the Court must determine "(1) whether the affiant made a false statement knowingly and intentionally, or with reckless disregard for the truth, and (2) whether, absent the false statement, the affidavit's remaining content is insufficient to establish probable cause." United States v. Sanchez, 725 F.3d 1243, 1247 (10th Cir. 2013) (internal quotation marks and citations omitted). Even if all the erroneous information were removed from the affidavit, probable cause to conduct the search would still exist. And there is no allegation

false information was submitted knowingly. Consequently, the errors noted by Defendant Carter are insufficient to warrant suppression of the search.

As for Defendant Carter's challenge that the search warrant was an overbroad general warrant, resolution of this question must begin with a consideration of the crime being investigated. In part, Defendant Carter is charged with conspiracy to defraud and making false statements on health care matters. Necessarily, evidence of these crimes would encompass a wide range of documents. Examination of the warrant establishes that it specified the search was for evidence of three specific crimes and specified a limitation in time in the operations of a specific entity. While there were numerous categories of business records to be seized, each category was limited to the circumstances and scope necessary considering the nature of the crimes being investigated. As the Third Circuit stated in United States v. Yusuf, 461 F.3d 374, 394 (3d Cir. 2006):

> "[t]he fact that the warrant authorized a search for a large amount of documents and records does not necessarily render the search invalid so long as there exists a sufficient nexus between the evidence to be seized and the alleged offenses."

(quoting United States v. Am. Investors of Pittsburgh, 879 F.2d 1087, 1105-06 (3d Cir. 1989)). The Court finds the warrant was no broader than necessary considering the crimes being investigated and the nature of evidence needed to complete the investigation.

For the reasons set forth herein, Defendant Carter's Motion to Suppress (Dkt. No. 65) is DENIED.

IT IS SO ORDERED this 28th day of October, 2014.

ROBIN J. CAUTHRON
United States District Judge