# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. CR-14-123-C |
| ) | |
| PATRICIA CARTER, ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

### Introduction

1. This document, in conjunction with a Supplement filed contemporaneously under seal, contains the entire plea agreement between defendant, Patricia Carter ("Defendant"), and the United States through its undersigned attorney. No other agreement or promise exists, nor may any additional agreement be entered into unless in writing and signed by all parties. Any unilateral modification of this agreement is hereby rejected by the United States. This agreement applies only to the criminal violations described and does not apply to any civil matter or any civil forfeiture proceeding except as specifically set forth. This agreement binds only the United States Attorney's Office of the Western District of Oklahoma and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. If Defendant does not accept the terms of this agreement by **Monday, November 3, 2014,** the offer is withdrawn.

## Guilty Plea

2. Defendant agrees to enter a plea of guilty to Count 2 in Case Number CR-14-123-C, charging her with obstruction of a federal audit, in violation of 18 U.S.C. § 1516. To be found guilty of violating 18 U.S.C. § 1516, as charged in the Indictment, Defendant must admit that: (1) she endeavored to influence, obstruct, or impede a federal auditor in the performance of official duties; (2) she did so with intent to deceive or defraud the United States; and (3) the performance of the federal auditor's official duties related to a person or entity receiving in excess of $100,000, directly or indirectly, from the United States in any one-year period under a contract or subcontract.

## Maximum Penalty, Restitution, and Special Assessments

3. The maximum penalty that could be imposed as a result of Defendant's plea is five years imprisonment, three years of supervised release, and two additional years of imprisonment in the event of a violation of the terms of supervised release, in addition to a fine of $250,000, or both such fine and imprisonment, as well as a mandatory special assessment of $100.

In addition to the punishment described above, a plea of guilty can affect immigration status. If Defendant is not a citizen of the United States, the effect of a guilty plea may result in deportation and removal from the United States, may prevent her from ever lawfully reentering or remaining in the United States, and may result in the denial of naturalization.

4. The parties agree that based on the count of conviction and the specific factual circumstances of this case, no restitution will be ordered by the Court.

5. Defendant agrees to pay the special assessment due the United States to the Office of the United States Court Clerk immediately following sentencing. Defendant understands that any fine or restitution ordered by the Court is immediately due unless the Court provides for payment on a date certain or in installments.

6. For certain statutory offenses, the Court must also impose a term of supervised release, which Defendant will begin to serve after being released from custody. For all other offenses, the court may impose a term of supervised release to be served following release from custody. During the term of supervised release, Defendant will be subject to conditions that will include prohibitions against violating local, state, or federal law, reporting requirements, restrictions on travel and residence, and possible testing for controlled substance use. If Defendant violates the conditions of her supervised release, the Court may revoke her supervised release, and sentence her to an additional term of imprisonment. This additional term of imprisonment would be served without credit for the time Defendant successfully spent on supervised release. When combined, the original term of imprisonment and any subsequent term of imprisonment the Court imposes may exceed the statutory maximum prison term allowable for the offense.

## Sentencing Guidelines

7. The parties acknowledge that 18 U.S.C. § 3553(a), directs the Court to consider certain factors in imposing sentence, including the Sentencing Guidelines promulgated by the United States Sentencing Commission. Consequently, although the parties recognize that the Sentencing Guidelines are only advisory, they have entered into certain stipulations and agreements with respect to the Guidelines. Based upon the information that is known to the parties on the date this agreement is executed, they expect to take, but are not limited to, the following positions at sentencing:

- The parties agree Defendant should receive a 2-level downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a), if she commits no further crimes, does not falsely deny or frivolously contest relevant conduct, and fully complies with all of the other terms of this agreement.

Apart from any expressed agreements and stipulations, the parties reserve the right to advocate for, and present evidence relevant to, other guideline adjustments and sentencing factors for consideration by the U.S. Probation Office and the Court.

The parties have entered into this plea agreement under the provisions of Rule 11(c)(1)(B). Defendant also acknowledges and understands that the Court is not bound by, nor obligated to accept, these stipulations, agreements, or recommendations of the United States or Defendant. And, even if the Court rejects one or more of these stipulations, agreements, or recommendations, that fact alone would not allow Defendant

to withdraw her plea of guilty. It is the expectation of the United States that its criminal investigation of Defendant's conduct (as opposed to the wrongdoing of others) will cease upon the signing of this plea agreement. However, subject to the terms and conditions of this plea agreement (particularly the Plea Supplement), the United States expressly reserves the right to take positions that deviate from the foregoing stipulations, agreements, or recommendations in the event that material credible evidence requiring such a deviation is discovered during the course of the United States' investigation subsequent to the signing of this agreement or arises from sources independent of the United States, including the U.S. Probation Office.

### Waiver of Right to Appeal and Bring Collateral Challenge

8.  Defendant understands that the Court will consider those factors in 18 U.S.C. § 3553(a) in determining her sentence. Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense to which she is pleading guilty. Defendant further understands that 28 U.S.C. § 1291, and 18 U.S.C. § 3742, give her the right to appeal the judgment and sentence imposed by the Court. Acknowledging all this, and in exchange for the promises and concessions made by the United States in this plea agreement, Defendant knowingly and voluntarily waives the following rights:

   a.  Defendant waives her right to appeal her guilty plea, and any other aspect of her conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

   b. Except as stated immediately below, Defendant waives her right to appeal her sentence as imposed by the Court, including any restitution, and the manner in which the sentence is determined. If the sentence is above the advisory guideline range determined by the Court to apply to her case, this waiver does not include Defendant's right to appeal specifically the substantive reasonableness of her sentence;

   c. Defendant waives her right to collaterally challenge or move to modify (under 28 U.S.C. § 2255, 18 U.S.C. § 3582(c)(2), or any other ground) her conviction or sentence, including any restitution, except with respect to claims of ineffective assistance of counsel.

  Defendant acknowledges that these waivers remain in full effect and are enforceable, even if the Court rejects one or more of the positions of the United States or Defendant set forth in paragraph 7.

  9. Except as stated immediately below, the United States agrees to waive its right under 18 U.S.C. § 3742 to appeal the sentence imposed by the Court and the manner in which the sentence was determined. If the sentence is below the advisory guideline range determined by the Court to apply to this case, this waiver does not include the right of the United States to appeal specifically the substantive reasonableness of the sentence.

### Waiver of Claim to Prevailing Party Status

  10. Defendant expressly acknowledges that she is not a "prevailing party" within the meaning of 18 U.S.C. § 3006A with respect to the count of conviction

or any other count or charge that may be dismissed pursuant to this agreement. If Defendant is represented by retained counsel, she voluntarily, knowingly, and intelligently waives any rights she may have to seek reasonable attorney's fees and other litigation expenses under 18 U.S.C. § 3006A.

### **Obligations of Defendant**

11.  Defendant shall commit no further crimes. It is understood that, should Defendant commit any further crimes or should it be determined that she has knowingly given false, incomplete, or misleading testimony or information, or should she otherwise violate any provision of this agreement, the United States may declare this agreement null and void and prosecute Defendant for any and all her federal criminal violations, including perjury and obstruction of justice. Any such prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be brought against Defendant, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement of such prosecution. Defendant hereby waives all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this agreement is signed.

## The Obligations of the United States

12. If Defendant enters a plea of guilty as described above and fully meets all obligations under this agreement, the United States will move to dismiss at sentencing Count 1 and Counts 3 through 39 of the Indictment, and she will not be further prosecuted by the United States Attorney's Office for the Western District of Oklahoma for any crimes related to her participation in (1) obstructing a federal audit, (2) making false statements in a health care matter, or (3) submitting fraudulent claims for reimbursement to Medicare during the period from July 2010 through July 2013. This agreement does not provide any protection against prosecution for any crime not specifically described above.

[Handwritten annotation: "Count 2 4 and"]

13. It is understood that the sentence to be imposed upon Defendant is within the sole discretion of the Court. The United States does not make any promise or representation as to what sentence Defendant will receive. The United States reserves the right to inform the Probation Office and the Court of the nature and extent of Defendant's activities with respect to this case and all other activities of Defendant which the United States deems relevant to sentencing.

## Signatures

14. By signing this agreement, Defendant acknowledges that she has discussed its terms with her attorney and understands and accepts those terms. Further, Defendant acknowledges that this document, in conjunction with the Plea Supplement filed contemporaneously under seal, contains the only terms of the agreement concerning

her plea of guilty in this case, and that there are no other deals, bargains, agreements, or understandings which modify or alter these terms.

Dated this 3rd day of November, 2014.

**APPROVED:**

_____
SCOTT E. WILLIAMS
Deputy Chief, Criminal Division

SANFORD C. COATS
United States Attorney

_____
AMANDA MAXFIELD GREEN
Assistant U.S. Attorney
Western District of Oklahoma
210 Park Avenue, Ste. 400
Oklahoma City, Oklahoma 73102
(405) 553-8770 (Office)
(405) 553-8888 (Fax)

_____
PATRICIA CARTER
Defendant

_____
JOSEPH L. WELLS
Attorney for Defendant